Mr. Justice CURREY expressed no opinion.

---

# E. M. HALL, B. C. ALLEN, AND HENRY HUBBARD *v.* THE AUBURN TURNPIKE COMPANY.

POWER OF ITS OFFICERS TO BIND A CORPORATION. — The officers of a corporation have no power to execute the note of the corporation for a debt having no relation to its business, due from a third person to the payee, nor can they ratify such note

after its execution. A note made for such purpose creates no liability in the payee's hands against the corporation.

EVIDENCE IN SUIT AGAINST A CORPORATION.—In an action brought against a corporation by the payee of a note executed by its officers in the name of the corporation, for a debt due the payee from a third person, and having no relation to the business of the corporation, evidence that the note was not given for the debt of the corporation is admissible under an answer denying the execution of the note.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The defendant was a corporation. The following is a copy of the note sued on, and on which plaintiffs failed to recover:

"AUBURN, April 1st, 1863.

"Eight months from date, for value received, The Auburn Turnpike Company promise to pay Hall and Allen, at their banking house in Auburn, in gold coin currency of the United States, three thousand two hundred and four dollars, with interest at two per cent per month from date until paid. The above indebtedness is subject to a claim held by Marriner and Willard, of $5,500.

"$3,204.                    "J. R. CRANDALL, President.

                            "E. M. BANVARD, Secretary."

The following is a copy of the ratification of the note made by the Directors of the corporation, and entered on the book of records of the company:

"AUBURN, April 14th, 1863.

"The Directors of the Auburn Turnpike Company met pursuant to call of the President, in Auburn, on Tuesday, April 14th, A. D. 1863; present, J. R. Crandall, James Neall, and E. M. Banvard. On motion, *Resolved*—That the President and Secretary of the company are hereby authorized to borrow, on the credit of the company, a sum of money not exceeding three thousand five hundred dollars, and issue the company's note therefor.

"*Resolved*—That the note given to Hall & Allen on the 1st day of April last, by the President and Secretary, for the sum

of three thousand two hundred and four dollars, (subject to the demand of Marriner & Willard,) is hereby ratified and considered a part of the loan authorized in the above resolution.

[Signed:]          " J. R. CRANDALL, President.
                    " E. M. BANVARD, Secretary."

*Tuttle & Fellows*, for Appellants.

*Tweed & Craig*, for Respondent.

By the Court, SAWYER, J.

This is an action on two promissory notes, claimed to have been executed by defendant in favor of plaintiffs. Judgment was rendered for plaintiffs on the first note set out in the complaint, and against them on the second. Plaintiffs appeal from the judgment.

The Court finds as follows, viz: " The second note, set up in the second count of the complaint, was given to secure the personal indebtedness of one E. M. Banvard to plaintiffs, and no part of the consideration of said note was received by defendant, or went to its benefit. The said Banvard was individually indebted to plaintiffs, who wanted security for such indebtedness, and the note in question was given as such security. After the note was given, it was ratified and approved by the Board of Directors of said turnpike company defendant, by an order spread upon the minutes to that effect."

The officers of a corporation have no power to authorize the execution of a note as surety for another in respect to a matter having no relation to the corporate business, and in which the corporation has no interest. Such a transaction is not within the scope of its business, and a party receiving such note with notice of the circumstances under which it is given cannot recover on it. (1 Parsons on Notes and Bills, 166; *Bank of Genessee* v. *Patchin Bank*, 13 N. Y. 309; Angel and Ames on Corp., Secs. 257 and 258.) The note ·in question was given to plaintiffs for a debt due them from Banvard, one of the Directors of the corporation, and creates

33

no liability in the plaintiffs' hands against the corporation. The Directors acted without authority in making and ratifying the note, and it is, therefore, not the note of the corporation.

The only other point is, that the evidence showing the note to have been given for a debt due from Banvard was improperly admitted, for the reason that the facts constituting the defense were not pleaded. The answer denies the making and delivery of the note by defendant, and the evidence introduced establishes the fact that the making and delivery of the note was not the act of defendant. It shows that there never was any liability. There is no confession and avoidance. The evidence was admissible under the issues.

Judgment affirmed.