| | |
|---|---|
| 56 | 579 |
| 68 | 624 |
| 56 | 579 |
| 114 | 324 |
| 56 | 579 |
| 121 | 634 |
| 56 | 579 |
| 127 | 13 |
| 56 | 579 |
| 156 | 1606 |

## ANDREW McLELLAN ET AL. v. DETROIT FILE WORKS.

*Renewal of partnership notes with corporate paper.*

1. Corporate notes, given to take up the individual obligations of members of the corporation, are presumptively accommodation notes and ultra vires; and no officer can give them without special authority to do so, and this must be expressly and affirmatively shown to entitle one who takes such notes, to the protection of a bona fide holder.

2. A firm was re-organized into a corporation, and assets bought by the firm with the proceeds of partnership notes were transferred to the corporation. Payments were made on the partnership notes with corporation paper, and the corporation took up one of the partnership notes. *Held*, that these facts had no tendency to show that the corporation ratified the act of one of its officers in assuming without authority to take up the partnership paper with renewal notes of the corporation. Nor would they show ratification if there were no other stockholders than the original partners.

3. A corporation cannot be sued for the debts of a firm out of which it has been organized, even though there is no difference in membership.

4. A corporation, sued on renewal notes given to take up individual obligations, can show that it formally repudiated the notes when they came to its knowledge.

Error to Wayne.   (Chambers, J.)   April 15–16.—May 6.

ASSUMPSIT.   Defendant brings error.   Reversed.

*Wm. H. Wells* for appellant, claimed that the notes in this case were ultra vires: *Leavitt v. Mining Co.* 4 A. & E. Corp. Cas. 239 ; *Railroad Co. v. Sage* 65 Ill. 328 ; *Hall v. Company* 28 Vt. 401 ; Field on Corporations 306 ; Green's Brice's Ultra

Vires 121 *n*; and void in the hands of those who took them with notice : *West St. Louis Sav. Bank v. Shawnee Bank* 95 U. S. 557; a partnership is not impliedly liable on account of money borrowed by the individual partners and applied to the benefit of the firm : *Union &c. Bank v. Day* 12 Heisk. 413 ; *Baxter v. Plunkett* 4 Houst. 450 ; *National Bank v. Thomas* 47 N. Y. 15 ; *Elkin v. Green* 13 Bush 612.

*Henry M. Cheever* for appellees, examined *Farm. & Mech. Bank v. Troy City Bank* 1 Doug. (Mich.) 457 ; *Peninsular Bank v. Hanmer* 14 Mich. 208 ; *Garton v. Union City Nat. Bank* 34 Mich. 279 ; *Littell v. Fitch* 11 Mich. 526 ; *Carrier v. Cameron* 31 Mich. 373 ; *Hotchin v. Kent* 8 Mich. 526 ; *New York Iron Mine v. Negaunee Bank* 39 Mich. 644 ; *Genesee County Savings Bank v. Michigan Barge Co.* 52 Mich. 438 ; it is no defense to an action on a note by an endorsee against the maker, that it was made without consideration to the maker or that it was understood between him and the payee that the latter was to take care of it ; and this, although the plaintiff had, when he took the note, full notice of the circumstances under which it was made : *Thatcher v. West River National Bank of Jamaica* 19 Mich. 196 ; conclusive evidence of prior authority in corporate officers is not necessary to validate their action, even if the authority were necessary : *Bank of U. S. v. Dandridge* 12 Wheat. 69 ; *Supervisors v. Schenck* 5 Wal. 782 ; *McNitt v. Turner* 17 Wal. 364 ; *Carpenter v. Rannels* 19 Wal. 146 ; *Cornett v. Williams* 20 Wal. 250 ; *Keely v. Sanders* 99 U. S. 447 ; *Nelson v. Eaton* 26 N. Y. 415 ; *Kent v. Quicksilver Mining Co.* 78 N. Y. 183 ; *Warren v. Ocean Ins. Co.* 16 Me. 451 ; *Flint v. Clinton Company* 12 N. H. 434 ; it is wholly immaterial for what purpose the notes were actually issued or whether the plaintiffs had, or had not, notice of the circumstances ; their right as endorsees would not be affected though they took them with notice : *Charles v. Marsden* 1 Taunt. 224 ; *Carruthers v. West* 11 Q. B. 143 ; *Smith v. Knox* 3 Esp. 46 ; *Thompson v. Shepherd* 12 Met. 311 ; *Brown v. Mott* 7 Johns. 361 ; *Lord v. Ocean Bank* 20 Penn. St. 384 ; *Grant v. Ellicott* 7 Wend. 227 ; *Renwick v. Williams* 2 Md. 356 ; *Molson v. Hawley* 1 Blatch. 409 ; a vote of a corporation is not necessary to be shown to sustain a contract made on its behalf by its agent or officer, if such contract is within the scope of his usual authority : *Lime Rock Bank v. Macomber* 29 Me. 564 ; *Eastman v. Coos Bank* 1 N. H. 23 ; *Consociated Presbytery Soc. v. Staples* 23 Conn. 544 ; *Odd Fellows &c. v. First National*

*Bank of Sturgis* 42 Mich. 461 ; *Bank of Auburn v. Putnam*
1 Abb. 80 : 3 Keyes 343 ; and unless the act of incorporation
expressly prescribes the contrary, the duly authorized agent
of a corporation may bind it by simple as well as sealed con-
tracts : *McCullough v. Talladega Ins. Co.* 46 Ala. 376 ; it is
liable for negotiable instruments issued by its treasurer in
accordance with a usage : *In re Great Western Telegraph Co.*
5 Biss. 363 ; see *Bradley v. Ballard* 55 Ill. 413, and *Ehrgatt
v. Bridge Mfg. Co.* 16 Kansas 486 ; in the hands of bona fide
holders, corporations having general power to issue negotia-
ble instruments, are liable on them, although they were is-
sued for improper purposes ; *Monument National Bank v.
Globe Works* 101 Mass. 57 ; in this country the right to make
promissory notes belongs to manufacturing and other similar
companies, though the general power of manufacturing com-
panies does not extend to indorsing negotiable paper for ac-
commodation : *Clark v. Farmers &c. Mfg. Co.* 15 Wend. 256 ;
*Oxford Iron Co. v. Spradley* 46 Ala. 98 ; *Commercial Bank
v. Newport Mfg. Co.* 1 B. Mon. 13 ; *Clarke v. School District*
3 R. I. 199 ; a corporation having power to make notes for any
purpose, cannot defend against a bona fide holder for value
and without notice, on the ground that the particular note is
an accommodation note : *Monument National Bank v. Globe
Works* 101 Mass. 57 ; *Bank of Genesee v. Patchin Bank*
19 N. Y. 312 ; nor is the defense of ultra vires available :
*Miners' Ditch v. Zellerbach* 37 Cal. 543 ; *Commissioners of
Knox County v. Aspinwall* 21 How. 539 ; *Royal British
Bank v. Turquand* 6 El. & B. 327 ; *Bissell v. M. S. & N. I.
R. R. Co.* 22 N. Y. 262.

CooLEY, C. J.    The plaintiffs, who are private bankers in
the city of Detroit, bring suit on two promissory notes,
signed "Detroit File Works, S. HAYES, Pres't," one dated
July 1, and one July 14, 1884.    The defendant is a corpora-
tion, and the execution of the notes on its behalf is denied
by affidavit.

On the trial of the case the following facts appeared :
Prior to the incorporation of the defendant, Solomon Hayes
and Zenas Rowe constituted a partnership in the city of De-
troit, doing business under the firm name of "Detroit File
Works, Rowe & Hayes, Proprietors."    The partnership did
its banking business with the plaintiffs, and on March 2, 1884,
the plaintiffs discounted for the firm a note for $475, made

in its name by Hayes, and on March 22, 1884, another like note for $200. The notes were on short time, and before either of them fell due the defendant corporation was formed. In organizing the corporation all the shares of stock except two were taken by the partners, Rowe & Hayes, in equal interests, and the partnership assets were transferred to the corporation in consideration of the stock issued to the partners. One share of stock was taken by Mervan I. Hayes, a son of Solomon Hayes, and one by Alexander Delano. In forming the corporation a note made by Rowe & Hayes for $125 to Thomas Fairbairn was expressly assumed by it, but the notes to the plaintiff were not assumed. Hayes, nevertheless, who was made president of the corporation, assumed to renew them as notes of the corporation three or four times making small payments upon them at the times of renewal. The avails of the original notes were transferred with the other partnership assets to the corporation, but there is evidence that the other corporators were not aware that Hayes was giving corporate obligations in the place of obligations of the firm, and when the fact came to their knowledge Hayes resigned as president, and his stock was transferred to another person. This suit was afterwards instituted on the last notes given in renewal, and in the circuit court the plaintiffs recovered judgment.

I. The case was such that the plaintiffs must be deemed to have accepted renewals of the notes with knowledge of all the facts. They held partnership notes, and they accepted corporation notes in renewal; and they must be deemed to have known that an officer of a corporation can have no general authority to give the notes of the corporation to take up the outstanding obligations of members. Special authority would be required to empower him to do so; and those persons who should venture to take such notes from him must, at their peril, ascertain that the special authority has been conferred. Cases like *Farmers & Mechanics' Bank v. Troy City Bank* 1 Doug. (Mich.) 457; *Littell v. Fitch* 11 Mich. 526; *Carrier v. Cameron* 31 Mich. 373, and other cases cited on behalf of the plaintiffs, to the point that notes given

by the proper officer of a corporation, or by a partner in the name of the corporation or partnership, in the regular course of business, must be deemed given with due authority, have no application here, for the very obvious reason that a corporate note given for an individual obligation is not given in the regular course of business, but, presumptively, is ultra vires.    An officer of a corporation can never have implied authority to give such notes. They are presumptively accommodation notes, given to take up the notes of third parties, and in order to support them it would be necessary to overcome the presumption against authority by express affirmative showing; the general authority to make notes for the corporation being insufficient for the purpose.    *West St. Louis Savings Bank v. Shawnee County Bank* 95 U. S. 557; *Perry v. Simpson &c. Co.* 37 Conn. 520.    The general authority to make commercial paper in the name of a corporation is given to be exercised for the benefit and in the business of the corporation, not for the benefit or in the business of others; and it is therefore obvious that one who takes such paper with knowledge that it is not given for a corporate purpose can have no claim to the protection which the law accords to a bona fide holder.

II.    No doubt it would have been entirely within the power of the corporation to authorize Hayes, as president, to give the renewal notes.    But it is not claimed that by any formal corporate action it ever did so.    Various circumstances appearing in the case were, however, allowed to be put before the jury as tending to show an adoption of the acts of Hayes by the corporation.    Thus, in addition to the fact that the corporation received from the partnership the property and assets purchased with the money obtained on the notes of which the notes in suit are renewals, it was shown that some part of the payments made by Hayes, when making renewals, were payments in checks or other paper of the corporation, and that the corporation took up for the partnership one of its notes,—the note given to Fairbairn.    These are mentioned as the most significant facts proved on the part of the plaintiffs to make out an implied ratification of the notes, and it

was argued that there was enough in the case to go to the jury on that question. The trial court yielded to this argument, and the verdict indicates that the jurors were convinced.

The facts relied upon neither singly nor altogether tended to prove any ratification. The fact that the assets of the partnership went to the corporation has no significance in this controversy. The partners were paid for their interest in the assets with stock of the corporation, and the creditors of the partnership lost nothing by it, for the partners continued liable to them, as before, and with, presumptively, as much property as before. That Hayes used checks of the corporation to pay firm debts has, if possible, still less significance. It is a common thing in both partnerships and corporations to make payment of individual debts with company or corporate paper ; and where at the time the proper charges are made on the books, the transaction is not only proper and legitimate, but it suggests no inference that private debts are being assumed or paid by the partnership or corporation. And when in this case the court permitted evidence of the payment of the Fairbairn note by the corporation to go to the jury, as tending to prove an adoption of other partnership obligations, a very plain as well as very damaging error was committed. An express agreement to pay one note would rather tend to negative than to support any implication of an understanding that the corporation should pay others.

The fact that nearly all the shares in the corporation were issued to Rowe & Hayes is mentioned in the argument as tending to the proof of an understanding that the corporation would assume partnership debts. But it was an immaterial fact. The corporation when formed, was not identical with the partnership of Rowe & Hayes, and could not be sued for their debts even if there were no other stockholders. But in this case there were others ; and though their interests were insignificant, they were entitled to no less protection on that account. And when this suit was instituted, changes had been made which brought in new parties in no way chargeable with any equities which might have existed

against the original members. This is mentioned not as a fact having any importance in this case, but to bring out in stronger light the errors which led to the judgment complained of.

The defendant offered to show a formal repudiation of the renewal notes when they came to their knowledge; and this should have been allowed. *New York Iron Mine v. National Bank* 39 Mich. 644.

Other errors appear in the case, but they are sufficiently indicated by those mentioned.

A new trial must be ordered.

CAMPBELL and CHAMPLIN, JJ. concurred. SHERWOOD, J. concurred in the result.