[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 283 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 284 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 286 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 287 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 288 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 290 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 291 
The statute by which the defendant was incorporated provides that, in addition to the powers therein enumerated, it shall possess all the powers and privileges of corporations organized under the manufacturing act (Chap. 40, Laws 1848), and the acts extending and amending the same, except wherein such acts are inconsistent with the provisions of the incorporating statute. The litigants agree that the defendant's board of directors had power to authorize its president to make and indorse promissory notes for the purpose of transacting the business it was authorized to engage *Page 292 
in, and that such power was conferred by the board on its president. The powers of corporations are those enumerated in the statutes under which they are incorporated, in general statutes, in the articles of association, and like instruments executed in pursuance of the statutes, denominated by Mr. Brice "constating instruments." (Ultra Vires [2d Am. ed.] 27, and also such powers as flow from or are incidental and necessary to the exercise of the enumerated powers. (1 R.S., 599, §§ 1-3.) Counsel have not directed our attention to, nor have we found in any of the statutes referred to, a provision empowering the defendant to bind itself by making or indorsing promissory notes for the accommodation of the makers for a consideration paid.
It is well settled that such a power is not incidental to the powers expressly conferred on corporations organized under statutes authorizing the formation of corporations for banking, insuring, manufacturing and like business corporations. (CentralBank v. Empire Stone Dressing Co., 26 Barb. 23; BridgeportCity Bank v. Same, 30 id. 421; Farmers and Mechanics' Bank
v. Same, 5 Bosw. 275; Morford v. Farmers' Bank of Saratoga,
26 Barb. 568; Bank of Genesee v. Patchin Bank, 13 N.Y. 309;Ætna National Bank v. Charter Oak Life Ins. Co.,50 Conn. 167; Monument National Bank v. Globe Works, 101 Mass. 57;Davis v. Old Colony R.R. Co., 131 id. 258; Culver v. RenoReal Estate Co., 91 Penn. 367; Hall v. Auburn Turnpike Co.,27 Cal. 255.) The defendant having the general power to bind itself by promissory notes and contracts of indorsement, the plaintiff is entitled to recover if it is a holder of the notes for value and without notice that they were indorsed for the accommodation of the makers, and not in the usual course of business. The referee finds that in consideration of one-fourth of one per cent per month for every month of the time on which the notes were given, the defendant indorsed for Squires, Taylor Co. between November 10, 1876, and August 27, 1878, the date of the first note in suit, nineteen notes precisely like the four in suit, except dates and amounts, aggregating *Page 293 
$170,000, which were discounted by the plaintiff for, and the avails placed to the credit of Squires, Taylor Co.
The referee also finds that defendant's president was never authorized by its board of directors to indorse commercial paper for the accommodation of makers, or to indorse such paper for a consideration paid by the makers, and that none of them knew that such indorsements had been made until this action was brought.
The fact that the maker of a promissory note procures it to be discounted for his own benefit is, if unexplained, notice to the discounter that the indorsement is not in the usual course of business, but it is for the accommodation of the maker. (Stall
v. Catskill Bank, 18 Wend. 466; Fielden v. Lahens, 9 Bosw. 436; 3 Trans. App. 218; 2 Abb. Ct. App. Dec. 111; 6 Abb. [N.S.] 341; 1 Ames' Cas. on Bills and Notes, 738; Bank of Vergennes v.Cameron, 7 Barb. 143; Hendrie v. Berkowitz, 37 Cal. 113;Lemoine v. Bank of North America, 3 Dillon, 44; Bloom v.Helm, 53 Miss. 21; Daniel on Neg. Inst. [2d ed.] 297, § 365; Edw. on Bills [3d. ed.] 98, § 105.)
Ex parte Estabrook (2 Lowell's Dec. 547), is opposed to these authorities, but this case is in conflict with the decisions in this state, and we believe it to be without the support of any well-considered case.
The indorsements having been made for the accommodation of the makers, and the plaintiff, having discounted the notes with notice of that fact, cannot recover.
The judgment should be reversed and a new trial granted, with costs to abide the event.
All concur.
Judgment reversed. *Page 294