NATIONAL PARK BANK OF NEW YORK *v.* REMSEN.

*(Circuit Court, S. D. New York. July 21, 1890.)*

1. CORPORATIONS—TRUSTEES—LIABILITY FOR CORPORATE DEBTS.
    3 Rev. St. N. Y. (8th Ed.) p. 1957, § 12, provides that, for failure to file the annual report of the capital and indebtedness of any corporation, as therein prescribed, the trustees shall be liable for all debts of the corporation then existing, or contracted before such report shall be filed. *Held*, that the trustees cannot be subjected for an alleged liability of the corporation accruing on an accommodation indorsement, which, under its charter, it had no authority to make, and which consequently did not bind it.

2. NEGOTIABLE INSTRUMENTS—ACCOMMODATION INDORSEMENT—NOTICE.
    The fact that a note is presented for discount by the maker is notice to the discounter that the indorsement thereon is an accommodation indorsement.

At Law.
*Francis C. Barlow,* for plaintiff.
*William H. Ingersoll,* for defendant.

COXE, J. This action is to recover of the defendant, as trustee of the German-American Mutual Warehousing & Security Company, the amount due upon two notes, indorsed by it, upon the ground that the trustees are liable for the debts of the corporation because no annual report of its financial condition was filed, as required by the general manufacturing act of 1848. Section 12 provides that for failure to file, the trustees "shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made." 3 Rev. St. N. Y. (8th Ed.) 1957. First in the order of proof it is necessary for the plaintiff to establish that the amount

in question was a debt of the corporation. If it was not a debt of the corporation, of course, the trustees are not liable. In October, 1889, the court of appeals of New York, in an action brought against the warehousing company upon these identical notes, held that there was no liability, for the reason that an accommodation indorsement by the warehousing company was *ultra vires* and that the plaintiff was chargeable with notice of the character of the indorsement, because the notes were presented for discount by the makers, who received the avails thereof. *National Park Bank* v. *German-American, etc., Co.*, 116 N. Y. 281, 22 N. E. Rep. 567. This decision sets at rest forever the question of the liability of the warehousing company upon these notes. They can never be enforced against that company and it is certainly a grave question whether, in any view, a trustee can be held upon an obligation from which his corporation is, in fact, released. But the highest tribunal of this state has decided that the notes never were an obligation of the warehousing company. In order to hold the defendant liable it is necessary for this court to disregard that decision. Although the power to do this may be conceded, it is only in exceptional cases, where there is a conflict between federal and state authority or where important public considerations are at issue, that it should be exercised. Even where the question is one of general commerical law considerations of comity and the orderly administration of justice are against the assertion of the power. No decision of the supreme court of the United States or of the circuit court of this circuit is cited which conflicts with the rule of the court of appeals, and were there a likelihood that the doctrine contended for by the plaintiff would ultimately be accepted by the United States courts it is, in the circumstances referred to, appropriate and decorous that the supreme court of the United States and not the circuit court should pronounce the judgment of dissent.

Although the foregoing considerations are sufficient to dispose of the case I have examined the questions involved in the decision of the court of appeals and the authorities cited to sustain the propositions of law there enunciated, in the light of the able and elaborate brief submitted for the plaintiff, and am constrained to say that I see no reason to anticipate a conflict of authority upon these questions. The argument is plain, and, if the premises are correct, is conclusive. *First.* The indorsements were accommodation indorsements. *Second.* The warehousing company had no power under its charter to make these indorsements. *Third.* A party who discounts such paper cannot recover of the indorser if he has knowledge of the fact that the indorsement was made for the accommodation of the maker. *Fourth.* Where the makers of the note present it for discount it is notice to the discounter of the character of the indorsement. The first of these propositions is supported by the proof, the others are, it is thought, amply sustained by authority. They are reaffirmed. Every fact necessary to the decision was considered by the court of appeals. The circumstance that a consideration was paid for the indorsements was not overlooked. It is three times referred to in the opinion and the conclusion reached that the warehousing company

had no power "to bind itself by making or indorsing promissory notes for the accommodation of the makers for a consideration paid." Nor was the court in error in holding that the plaintiff had notice of the fact that the notes were not indorsed in the usual course of business. The presentation, for discount, by the makers was something more than a suspicious circumstance. There was notice direct and explicit upon the notes themselves that the indorsements were invalid. The discounter when confronted with such facts cannot protect himself by inaction. If there is a possible explanation he must seek it, but where, as in this case, nothing of the kind is required and no statement is made inconsistent with the plain provisions of the notes, the unerring presumption attaches. As the non-liability of the warehousing company defeats the plaintiff's action at the threshold it is, of course, unnecessary to pass upon the difficult but interesting questions relating to the liability of the defendant as trustee. There must be a judgment for the defendant.