## Pick, Bloch & Joel v. Albert Ellinger.

1.  CORPORATIONS—*Accommodation Indorsements—Ultra Vires.*—An accommodation indorsement of a promissory note is not within the scope of corporate business.

2.  PROMISSORY NOTES—*Purchasers in Good Faith.*—A purchaser in good faith of a promissory note, indorsed by a corporation, may recover, but not if he has knowledge that such indorsement was made as an accommodation.

Assumpsit, on promissory notes. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed November 5, 1896.

FRANK SCHOENFELD and MCCARTNEY & GIDDINGS, attorneys for appellants.

ZACH HOFHEIMER, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

About January 18, 1895, Albert Silberberg, president of the Albert Silberberg Dry Goods Company, of Fort Smith, in Arkansas, brought to the appellee, who had before had dealings with the company, four promissory notes, each for the sum of $325, made by a firm named Morgan & Thompson, of Tallaqua, in the Indian Territory, and payable to the company. Silberberg wanted the appellee to buy the notes.

The appellee said he did not know the makers, and Silberberg said he would get the notes indorsed. Then Silberberg went to the appellant—which is a corporation—and the notes were indorsed, " Pay to the order of Baer, Bloch & Joel." " Baer, Bloch & Joel." " Pick, Bloch & Joel." The last indorsement was written by the secretary and treasurer of Pick, Bloch & Joel.

Then Silberberg carried the notes back to the appellee, who bought them, discounting seven per cent per annum, and gave his check to Silberberg, payable to the order of

Albert Silberberg Dry Goods Co., for $1,000. That check Silberberg, in the name of his company, indorsed to the appellant, which by its president, as well as the secretary and treasurer, gave to Silberberg a check payable to his company for the same amount.

Thus it is seen that the appellant had no business connection with, but was a mere accommodation indorser of, the notes.

It indorsed only for the accommodation of Silberberg, or his company. This suit is to recover upon that indorsement. Now, such accommodation is not within the scope of corporate business. 1 Morawetz Corp., Sec. 423.

Yet if the appellee were a purchaser of the notes in good faith, he may recover. Monument Nat. Bk. v. Globe Works, 101 Mass. 57; Lampson v. Ill. Tr. & Sav. Bk., 62 Ill. App. 371.

But ignorance of the law is no element of good faith. If he had notice of the facts, he must take notice of the legal consequence.

The notes when first shown to the appellee were in the hand of Silberberg and *prima facie* the property of his company.

When he brought them back, that condition was not changed, except by the indorsements which the appellee must have believed had been put there only in fulfillment of the undertaking of Silberberg to get the notes indorsed, and not as the result of any business transactions, else the notes would have changed hands—not remained with Silberberg.

The appellee was not entitled to recover, and the judgment is reversed and the cause remanded.