### THE SOLOMON SOLAR SALT COMPANY v. M. W. BARBER.

#### No. 9852.

1. NOTE WITH MEMORANDUM — *making it subject to terms of letter, the letter a necessary part of plaintiff's case.* A promissory note, having a memorandum indorsed thereon that it is made in accordance with and subject to the terms of a certain letter, does not constitute the whole of the contract between the parties thereto. The letter referred to is an integral part of such contract, and its contents must be alleged and proved in order to a recovery upon the note.

2. ULTRA VIRES — *manufacturing and trading corporation cannot plead, as to note made by officers, owning all stock, to pay for a stockholder's shares.* A promissory note executed in behalf of a manufacturing and trading corporation by all of its directors, who are also all of its stockholders, in payment for the shares owned by one of such stockholders, purchased by and for the benefit of the others, cannot be repudiated by the corporation as an *ultra vires* transaction.

Error from Saline District Court. Hon. R. F. Thompson, Judge. Opinion filed July 10, 1897. *Reversed.*

*Bond & Osborn* and *Garver & Larimer*, for plaintiff in error.

*Wilson & Wilson* and *Porterfield, Pence & Webster*, for defendant in error.

DOSTER, C. J.  This was an action brought by M. W. Barber, as owner, on a note of which the following is a copy:

$3,000.00

KANSAS CITY, Mo.,
Oct. 1st, 1892.

This note is made in accordance with and subject to the terms of a certain letter, dated Sept. 24, 1892, addressed to John R. Ranson by S. E. Baker.
S. E. BAKER.
C. I. PETTIBONE.

Six months after date, we promise to pay to John R. Ranson, or order, at the National Bank of Kansas City, three thousand dollars, for value received, with interest from date at the rate of six per cent. per annum.

SOLOMON SOLAR SALT CO.
By S. E. BAKER, *Prest.*
JOHN R. RANSON, *Sec. & Treas.*

Among other things, the answer denied, under oath, the execution of the note by the corporation, and also alleged that it was given by the officers of the Company in furtherance of a private deal between themselves in the stock of the Company, and was, therefore, *ultra vires* and void.

The case was tried by the court and special findings of fact and conclusions of law made, as follows:

### FINDINGS OF FACT.

"1. At the dates hereinafter mentioned, the defendant was a corporation duly organized and existing under the laws of the State of Missouri, for the purpose of engaging in and conducting the business of manufacturing salt for profit, with a capital stock of twelve hundred shares of the par value of twenty-five dollars each.

"2. On the first day of October, 1892, said defendant had three directors, who were S. E. Baker, John R. Ranson and E. E. Porterfield; and each of said directors owned one-third of the capital stock.  Said

Baker was president of said corporation and said Ranson its secretary and treasurer.

"3. On the first day of October, 1892, said directors agreed among themselves that said John R. Ranson should sell his four hundred shares of the capital stock of said defendant to the other two directors, and that, as part payment therefor, they should execute to him the promissory note of said corporation for the sum of three thousand dollars; and, in pursuance of said agreement, the said Baker, as president, and John R. Ranson, as secretary and treasurer, executed and delivered a promissory note of three thousand dollars, a copy of which is set forth in the plaintiff's petition; and as the consideration of said note said John R. Ranson transferred to said defendant his stock in said corporation.

"4. At the time said agreement and promissory note were made, as hereinbefore set forth, said S. E. Baker, John R. Ranson and E. E. Porterfield were all present and took part in, and agreed to, the making of said agreement and note.

"5. On the sixth day of March, 1893, said corporation paid to John R. Ranson one thousand dollars on said note.

"6. On or about the twentieth day of May, 1893, John R. Ranson was indebted to the plaintiff in this action in the sum of about twenty-five hundred dollars, and, to secure the payment of the same, transferred said note to plaintiff, who was, at the commencement of this action, and now is, the owner of it."

CONCLUSIONS OF LAW.

"1. That said defendant executed the note in question and is legally liable for its payment.

"2. That said plaintiff is the owner of said note, and is entitled to recover thereon from said defendant the sum of $2,201, with six per cent. interest thereon from this date."

No evidence was introduced to show that the directors of the Company, as a board, ever authorized the execution of the note; neither was there any evidence offered to explain the memorandum written on the

face of the note, nor to show what the conditions of its payment were. A demurrer to the evidence was overruled.

The memorandum written on the face of the note made the letter referred to therein an integral part of the plaintiff's cause of action, and his failure to show what terms and conditions it placed on the note was fatal to his right of recovery. Memoranda such as this must be read as part of the note. 1 Daniel's Negotiable Instruments (4th ed.), §§ 149–156; Tiedeman on Commercial Paper, § 41a. Two or more instruments executed at the same time and relating to the same subject-matter, or executed at different times and containing pertinent references to each other, constitute an entire contract, and must be construed together. *Miller v. Edgerton*, 38 Kan. 36. In this case the plaintiff rested upon the note alone. The court could know nothing about the terms and conditions which the letter attached to its payment. In order to maintain his action the plaintiff should have introduced the whole of his contract in evidence. The court, therefore, erred in overruling the demurrer to the plaintiff's evidence, and because of this its judgment must be reversed.

<!-- margin note: 1. Letter part of contract. -->

Inasmuch as the question of power of the corporation to execute the note in question, in the manner and upon the consideration explained in the findings of fact, will still be in the case upon its return to the court below for a new trial, it is proper to say that there is nothing in the defense of *ultra vires*, upon which the plaintiff in error relied in part. All persons connected with the Company in the capacity of officers and stockholders were parties to the transaction in which the note was given. One stockholder, and director as well, sold his stock to the other directors and stockholders, one of whom, as president of

the Company, with the knowledge and at the instance of the other stockholder and director, executed the Company's obligation for the stock sold. The Company cannot now repudiate its contract. It is estopped from doing so. It is true, the note in question is non-negotiable, and is held and sued upon by an indorsee who was constructively charged with knowledge of everything relating to its execution and the consideration given for it; yet it is nevertheless the Company's obligation, executed upon what it admitted to be a valuable consideration, and

2. Ultra vires, corporation cannot plead, when. it is now estopped from pleading its lack of authority in the premises. What the rights of dissentient stockholders might be in such case, we need not and do not consider; nor need we consider what the corporation, the legal entity itself, might do in behalf of dissenting stockholders. In this case, there is neither officer nor owner to now dissent from that to which he had not previously given assent.

It is true that stockholders have no part in the management of the company's business. They cannot as such enter into contracts with third persons. Such contracts are to be executed by the directors in their behalf. 2 Cook on Stockholders (3d ed.), § 709. In this case, however, there is a personal identity between stockholders and directors, and the contract entered into by them is assimilated to, if it does not become the same as, one executed by private individuals. If the transaction in question is to be viewed in the light of the fiction of corporate entity possessed by the individuals engaging in it, it can be nothing more than a gift of the corporate property by the corporate owners, which we think without question may be made.

The corporation in this case is a mere manufactur-

ing and trading corporation, chartered for purposes of private gain alone, and is in the performance of no public service, such as railway and water companies are; therefore, what is herein decided is not to be understood as relating to the latter class of corporations, nor yet as distinguishing between the two classes in respect to the law of such transactions as are under consideration. We determine nothing beyond what is before us for decision.

For the error before pointed out, the case is reversed, with instruction to award a new trial.