LYON, POTTER & CO. v. FIRST NAT. BANK OF SIOUX CITY, IOWA..

(Circuit Court of Appeals, Eighth Circuit. January 3, 1898.)

No. 919.

1. BILLS AND NOTES—ACCOMMODATION INDORSEMENT.

The Iowa statute having declared that the blank indorsement of a promissory note by one not a payee, indorsee, or assignee thereof is a guaranty of payment (McClain's Code, § 3265), a note bearing such an indorsement is notice to any one discounting it that the indorser is presumably a mere accommodation indorser, without consideration, and hence a mere guarantor. This presumption, however, may be rebutted by showing that such indorser in fact received a consideration.

2. SAME—ACCOMMODATION INDORSEMENT BY CORPORATION—ULTRA VIRES.

An accommodation indorsement for the sole benefit of another is ultra vires of a commercial corporation. But if the indorsement is shown to be partially for its own benefit, as for the purpose of enabling its creditor to raise money to be partially used in discharging its debt, the corporation will be estopped, after receiving the money, to deny the validity of its contract.

3. SAME—TRANSFER WITHOUT INDORSEMENT—DEFENSES.

A bank discounting a note not indorsed by the payee takes it subject to all defenses, though such indorsement was omitted by mistake, and was supplied after the paper matured.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

This was an action brought by the First National Bank of Sioux City, the defendant in error, against Lyon, Potter & Co., a corporation, the plaintiff in error, upon a promissory note of $5,000, made by C. H. Martin Company, a corporation, payable to the order of C. H. Martin, indorsed by Lyon, Potter & Co., and then discounted by the bank at the request of Martin. The defense of Lyon, Potter & Co. was that its indorsement was made for the accommodation of C. H. Martin, without consideration, and that this indorsement was beyond its powers, and beyond the powers of its treasurer, E. A. Potter, who signed its name; that C. H. Martin did not indorse his name upon the note until after its maturity; and that the bank had notice that its indorsement was for the accommodation of Martin before it discounted the note. The bank replied to this defense that George W. Lyon and E. A. Potter were the active stockholders and managers of Lyon, Potter & Co., which was a commercial corporation, whose principal business was the selling of pianos and other musical instruments; that to increase the business of this corporation Lyon and Potter organized the corporation called the C. H. Martin Company, whose sole business was to sell in the state of Minnesota the musical instruments furnished to it by Lyon, Potter & Co.; that Lyon and Potter owned or controlled all the stock of this corporation; and that the proceeds of the discount of the note in suit were paid over to the plaintiff in error, which thus obtained the benefit of its indorsement. At the trial the plaintiff in error established the fact that Martin did not indorse his name upon the note until after its maturity. There was also evidence tending to show these facts: The C. H. Martin Company was a corporation selling musical instruments at St. Paul, which had issued capital stock to the amount of $10,000. Lyon held $5,000, Potter $500, and Martin $4,500 of this stock, and Martin was the president and Potter was the secretary and treasurer of the corporation. Potter was also the treasurer of Lyon, Potter & Co., and the officer of that corporation who had the power to make and indorse commercial paper in its behalf in the ordinary course of its business. About the 1st of each month, Martin, who was engaged in managing the business of C. H. Martin Company at St. Paul, made a statement to Potter, who was engaged in conducting the business of Lyon, Potter & Co. at Chicago, of the amount of the liabilities of C. H. Martin Company, and the dates when its debts matured. About May 2, 1891, Martin visited Chicago, and there told Potter that $5,000 would be required to pay the liabilities of C. H. Martin Com-

pany, which were maturing about the 1st of that month. Fifteen hundred dollars of this amount was due upon a promissory note which had been previously made by C. H. Martin Company, and indorsed by Lyon, Potter & Co., and which was payable at Sioux City, in the state of Iowa; and $2,000 of it was owing to Lyon, Potter & Co. on the current account of C. H. Martin Company. C. H. Martin Company had no money to pay these maturing obligations. Potter asked Martin if he thought he could borrow this $5,000 of the First National Bank of Sioux City upon a note made by C. H. Martin Company, and indorsed by Lyon, Potter & Co., and Martin replied that he thought he could do so. Thereupon the note in suit was made by C. H. Martin Company, was indorsed by Lyon, Potter & Co., and was taken by Martin to Sioux City, where he met the cashier of the defendant in error, told him that there were notes of C. H. Martin Company, indorsed by Lyon, Potter & Co., falling due, and that the C. H. Martin Company owed Lyon, Potter & Co., on account an amount which he expected to pay out of the proceeds of this note, and asked him to have the defendant in error discount it, to enable him to make these payments. The cashier granted his request, and out of the proceeds of the discount of this note which he obtained from this bank Martin paid the note for $1,500 made and indorsed by the same parties as this note, paid Lyon, Potter & Co. $2,000 on account of the indebtedness of C. H. Martin Company to it, and used the remaining $1,500 in paying other debts of his corporation. When he discounted the note he intended to indorse it, and the bank supposed he had done so, but in fact he did not do so until about 10 days after the note became due. At the close of the trial the jury returned a verdict for the bank, and the writ of error challenges some of the rulings of the court upon this trial.

William Connor (James B. Weaver, Jr., on the brief), for plaintiff in error.

Joseph S. Lawrence (J. H. Swan, C. M. Swan, A. B. Cummins, James P. Hewitt, and Craig T. Wright, on the brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The blank indorsement of a promissory note by a party who is neither a payee, indorsee, nor assignee thereof is declared by the statutes of the state of Iowa to constitute a guaranty of the payment of the note by the indorser. McClain's Code of Iowa, § 3265. Lyon, Potter & Co. therefore appeared to be an accommodation indorser or guarantor of the payment of the note in suit upon the face of the paper. That note, when it was presented to the bank for discount with this blank indorsement upon it, must, in view of the statute of the state of Iowa to which we have referred, be deemed to have been notice to the defendant in error that the presumption was that Lyon, Potter & Co. was an indorser of the note without consideration for the accommodation of another, or a mere guarantor of the payment of the note. Bank v. Remsen, 158 U. S. 337, 344, 15 Sup. Ct. 891.; Bloom v. Helm, 53 Miss. 21; Hendric v. Berkowitz, 37 Cal. 113; Stall v. Bank, 18 Wend. 466; Overton v. Hardin, 6 Cold. 375; Lemoine v. Bank, 3 Dill. 44, Fed. Cas. No. 8,240; Erwin v. Shaffer, 9 Ohio St. 43; 1 Daniel, Neg. Inst. § 365; 1 Edw. Bills & N. p. 105, § 104. This presumption, however, was not conclusive, and the question was open for the consideration of the jury, under the evidence, whether the plaintiff in error indorsed the note in consideration of some benefit to itself, or without any consideration, and for the sole benefit of Martin, or of the C. H.

Martin Company. Lyon, Potter & Co. was a trading corporation. It and its treasurer, Potter, who indorsed its name upon this note, had the power to make and indorse commercial paper with the name of this corporation for its benefit in the ordinary course of its commercial business. But neither of them had the power to make or indorse such paper in the name of the corporation without consideration, and for the sole benefit of another. It is ultra vires of a commercial corporation and its officers to make accommodation paper, or to guaranty the payment of the obligations of others. National Park Bank v. German-American Mutual Warehouse & Security Co., 116 N. Y. 281, 292, 22 N. E. 567; Central Bank v. Empire Stone Dressing Co., 26 Barb. 23; Bridgeport City Bank v. Empire Stone Dressing Co., 30 Barb. 421; Farmers' & Mechanics' Bank v. Empire Stone Dressing Co., 5 Bosw. 275; Morford v. Bank, 26 Barb. 568; Bank of Genesee v. Patchin Bank, 13 N. Y. 309; Aetna Nat. Bank v. Charter Oak Life Ins. Co., 50 Conn. 167; Monument Nat. Bank v. Globe Works, 101 Mass. 57; Davis v. Railroad Co., 131 Mass. 258; Culver v. Real-Estate Co., 91 Pa. St. 367; Hall v. Turnpike Co., 27 Cal. 255; Madison W. & M. Plank-Road Co. v. Watertown & P. Plank-Road Co., 7 Wis. 59; Lucas v. Transfer Co., 70 Iowa, 541, 549, 30 N. W. 771. An indorsement of this character, however, is not malum in se, is not prohibited by statute, and is not beyond the general scope of the powers of such a corporation. It is merely an excessive exercise of one of those powers,—an excessive exercise of the power which it has, in proper cases, to make and indorse commercial paper. Where such an indorsement has been apparently made for the benefit of the corporation, and has been in fact made partly for its own benefit and partly for the accommodation of another, and the corporation has received and retained the benefits of the indorsement, the contract is not void, because it is no defense for a private corporation against the enforcement of an executed contract whose benefits it holds that, while its execution was within the general scope of its powers, it involved an excessive exercise of one of them. While such a corporation retains the benefits of such a contract, it silently affirms, and must not be permitted to deny, its validity. Sioux City Terminal R. & W. Co. v. Trust Co. of North America, 82 Fed. 124, 135; Bank v. Matthews, 98 U. S. 621; Bank v. Whitney, 103 U. S. 99, 102; Humphrey v. Association, 50 Iowa, 607, 610, 612; Garrett v. Plow Co., 70 Iowa, 697, 701, 29 N. W. 395; Warfield v. Canning Co., 72 Iowa, 666, 672, 34 N. W. 467; Manchester & L. R. Co. v. Concord R. R. (N. H.) 20 Atl. 383; Poole v. Association, 30 Fed. 513, 520; Allis v. Jones, 45 Fed. 148, 150; Parish v. Wheeler, 22 N. Y. 494; Hays v. Coal Co., 29 Ohio St. 330, 340; Bissell v. Railroad Co., 22 N. Y. 258; McCluer v. Railroad Co., 13 Gray, 124; Bradley v. Ballard, 55 Ill. 413, 418; Railroad Co. v. Proctor, 29 Vt. 93.

There was evidence in this case that the C. H. Martin Company had sent monthly statements of their liabilities to Lyon, Potter & Co., or to Potter, its treasurer, and that he knew, when he made the indorsement, that a note of $1,500, previously made by the C. H. Martin Company and indorsed by Lyon, Potter & Co. was falling due; that the C. H. Martin Company owed the plaintiff in error $2,000, which was just maturing; that it owed other creditors $1,500, which must be paid;

and that the C. H. Martin Company had no money to pay these debts. There was evidence that Potter made the indorsement to enable Martin to raise the money to pay these obligations; that Martin raised it for that purpose, and paid these debts with the money he thus obtained. If these were the facts, this indorsement could not be said to have been made for the C. H. Martin Company or C. H. Martin only, because for it Lyon, Potter & Co. obtained the payment of $2,000, which was due to it on account, which could not then have been paid otherwise, and the payment of a note of $1,500, which was then due, and which Lyon, Potter & Co. must otherwise have paid itself, because the C. H. Martin Company had no money with which to discharge it.   The court below received the evidence to which we have referred, and charged the jury, in accordance with the rules of law to which we have adverted, that one of the issues for them to determine was whether or not the indorsement of Lyon, Potter & Co. was an accommodation indorsement; that, if it was made by that corporation, without consideration, for the sole benefit of the C. H. Martin Company or of C. H. Martin, it was such, but that if, when the indorsement was made, it was understood and agreed between Martin and Potter that the proceeds of the discount of the note should be used to pay the note for $1,500 previously indorsed by Lyon, Potter & Co. and the $2,000 due it from the C. H. Martin Company; and, if the indorsement was made pursuant to this agreement, and the proceeds were applied in accordance with it, the indorsement was not without consideration, and the bank could recover upon the note.   In the reception of this evidence and the submission of this issue we are unable to discover any substantial error.   If the court had stopped here, its judgment might well have been affirmed.   But, unfortunately, it did not stop.   It proceeded to instruct the jury upon and to submit to it another question, which, at the close of the evidence, was not in issue,—the question whether or not the bank had notice of the accommodation character of the indorsement when it discounted the note.   It instructed the jury that, even though they found the note to be accommodation paper, yet if the plaintiff bank, without notice of its being accommodation paper, for a valuable consideration, in good faith, and before maturity, acquired the note, then the defendant corporation would be liable to the bank therefor; and that, if the bank and Martin expected that he should indorse the note when it was discounted, but his indorsement was omitted by mistake until after the maturity of the note, and was then made, it would have the same effect as though it had been made on the day of the discount.   The thought of the court seems to have been that, if Martin's indorsement was omitted by mistake until after the maturity of the note, and then made, it would relate back to the day of the discount, and transfer the legal title on that day; and that, if the note had been so indorsed on that day, and the bank had discounted it for value, without any other notice of the accommodation character of the indorsement than that which the paper itself carried, it would have been protected, under the law merchant, against the equities existing between the original parties.   In all this there was grave error in law.   The instruction disregards the essential difference between an assignment and an indorsement.   A mere assignee of a promissory note, like an

assignee of any other chose in action, takes his title subject to all the equities and defenses which exist between the assignor and the other parties to the instrument. An indorsee for value, without notice, before maturity, takes the title to a promissory note, according to the custom of merchants and the now established law of the land, free from all those equities and defenses. The discount and delivery of this note without its indorsement effected a mere assignment of the note, and under that assignment the bank took and held it subject to the original equities between the parties. Neither the delivery before nor the indorsement after maturity could exempt the bank from the defenses of the original makers or indorsers, because the bank was a mere assignee before maturity, and the indorsement after maturity transferred the legal title subject to all the defenses of which the overdue character of the paper gave notice. The fact that the indorsement was omitted by mistake could not deprive the bank of notice of the character of the paper, and carry the effect of the subsequent indorsement back to the date of the delivery, because the omission itself—the mistake itself—was notice, and the knowledge which that notice imputed could not be subsequently extracted from the mind of the cashier of the bank as of the date of the discount. Bank v. Taylor, 100 Mass. 18, 22, 23; Younker v. Martin, 18 Iowa, 143, 145; Franklin v. Twogood, Id. 515; Grimm v. Warner, 45 Iowa, 106; Haskell v. Mitchell, 53 Me. 468.

The erroneous view of the law upon the question we have been discussing would nevertheless have been harmless in this case if the court had not departed from the sound law which it gave to the jury in another part of its charge in these words:

"The testimony uncontradicted shows that when this note was presented by the payee, and discounted and purchased by the plaintiff bank, it bore upon the back the signature, 'Lyon, Potter & Co. E. A. Potter, Treasurer.' The bank is presumed to take notice from that that Lyon, Potter & Co. are accommodation indorsers or guarantors."

We say that the charge relative to Martin's indorsement would not have been prejudicial in this case if this correct declaration of the law had been adhered to, because the note itself would have given notice of the accommodation character of the indorsement, even if Martin had placed his name upon it when he discounted it. But the court failed to adhere to this statement. It fell into the fatal error of contradicting this declaration in another portion of its charge in these words:

"Understand that, even though this paper is accommodation paper, under the rule I have given you, yet if the plaintiff bank, without notice of its being accommodation paper, for a valuable consideration, in good faith, and before maturity, duly acquired this note, then the defendant corporation would be liable to the bank therefor."

The inevitable result was that the jury was directed to find for the defendant in error, notwithstanding the fact that they might find the indorsement of Lyon, Potter & Co. was without consideration, if they believed that the bank took the note without notice of that fact before its maturity, when the note itself was notice that the presumption was that this indorsement was for the accommodation of another, and the bank could not take the note without this notice which it

bore upon its face. The issue of notice was not in the case at the close of the trial, and should not have been submitted to the jury. Since the verdict is general, it cannot be sustained, because it may be that it was based on this false issue, and controlled by this erroneous instruction. Railway Co. v. Needham, 27 U. S. App. 227, 237, 11 C. C. A. 56, 62, 63 Fed. 107, 114. The judgment below must be reversed, and the cause remanded to the court below, with directions to grant a new trial, and it is so ordered.