OPPENHEIM v. SIMON REIGEL CIGAR CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. ACCOMMODATION INDORSEMENTS.

The fact that when a bank discounts notes for the maker they are in his possession, with the indorsement of the payee, imports that the indorsement was for accommodation.

2. SAME—MANUFACTURING CORPORATIONS.

A manufacturing corporation, which otherwise has no power to make an accommodation indorsement, is not given such power, or made liable on such an indorsement, by Negotiable Instruments Law (Laws 1897, p. 727, c. 612) § 41, providing that the indorsement of an instrument by a corporation passes the property therein, though from want of capacity the corporation may incur no liability thereon, or section 55 (page 728), defining an accommodation party, and providing that such a person is liable on the instrument to a holder for value, though such holder takes it with knowledge that he is only an accommodation party.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Actions by Jacob Oppenheim against the Simon Reigel Cigar Company on promissory notes. From judgments for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Joseph J. Cunningham, for appellant.
Max Schleimer, for respondent.

BISCHOFF, J. The notes in suit were discounted by plaintiff's assignor for the maker, being in the latter's possession with the indorsement of the payee, the appellant corporation. The circumstances imported the fact that the indorsement was for accommodation (Stall v. Bank, 18 Wend. 466; Fielden v. Lahens, 2 Abb. Dec. 111, 116), and hence not within the powers of a manufacturing corporation, such as this. Nat. Park Bank v. G. A. Co., 116 N. Y. 281, 22 N. E. 567, 5 L. R. A. 673. The negotiable instruments law (Laws 1897, p. 719, c. 612) does not affect this question of power. Section 41 (page 727) provides for the passing of title by indorsement, not the incurring of liability, and section 55 (page 728) does not refer to corporations; therefore it is not to be implied that the Legislature intended to extend the powers of every corporation to the making of accommodation indorsements. Crawford, Neg. Instruments (2d Ed.) pp. 36, 37. Upon the facts presented, the judgment charging the appellant with liability is without

support, but it may be that upon a new trial the plaintiff might produce sufficient proof to bind the corporation upon principles of estoppel. Therefore an absolute dismissal will not be ordered.

Judgments reversed, and new trial ordered, with costs to appellant to abide the event. All concur.