## THOMAS v. E. G. CURTIS SONS CO. et al.
### No. 5990.

District Court, E. D. Michigan, S. D.
June 4, 1934.

Robert S. Marx, of Cincinnati, Ohio, for plaintiff.

Wayne Van Osdol and Kennary & Minardo, all of Detroit, Mich., for defendants.

LINDLEY, District Judge.

The liability which the receiver is endeavoring to enforce in this cause is grounded upon the accommodation indorsement of E. G. Curtis Sons Company, a dissolved

Michigan corporation. The bank knew that it was an accommodation indorsement.

Section 10 (i) of Act No. 327 of Michigan Public Acts of 1931 reads as follows: "Every corporation, unless otherwise provided, or inconsistent with the act under which a particular corporation is or shall have been formed, shall have power: * * * to guarantee, purchase, hold, sell, assign, transfer, mortgage, pledge or otherwise dispose of, the shares of the capital stock of, or any bonds, securities or evidence of indebtedness created by, any other corporation or corporations of this state or any other state, country, nation or government, and, while the owner of the same, to exercise all the rights, powers and privileges of ownership including the right to vote thereon if such right be an incident of the same. * * * "

It is the contention of the receiver that this statute extends to every corporation in Michigan the power to execute an accommodation indorsement. This the defendants deny.

In addition, independent of the statute, the receiver contends that inasmuch as the proof shows that all of the directors and stockholders consented to the execution of the indorsement, and inasmuch as no creditor is interested but only the stockholders, to whom the assets of the dissolved corporation have been distributed, there is no reason at law why the accommodation indorsement should not be held to bind the defendant.

Quite generally it is the rule that corporations can neither accept nor indorse negotiable paper for accommodation. Authorities to this effect are many and appear in 3 Thompson on Corporations (3d Ed.) p. 986, § 2300. The reason is apparent, for stockholders who own the corporation, subject to the rights of its creditors, and creditors who have extended credit to the corporation, should not be prejudiced in their rights and interests by any act beyond the chartered statutory powers of the corporation. However, if the reason for the rule vanishes, it is difficult to conceive why the rule itself should not fall.

Consequently, if the creditors have been paid in full and if the stockholders of the corporation have consented to the ordinarily unauthorized act, it would seem in equity that there is no good reason why a corporation and its stockholders, upon the basis of estoppel, should not be held liable. In accordance with this rule, Thompson in his work on Corporations (3d Ed.) volume 3, p. 989, § 2301, says: "The rigid rule that corporations can neither execute, accept, nor endorse negotiable paper for accommodation is not without its limitation. The rule is leveled against the managing officers and agents in the transactions of the ordinary business affairs of the corporation; and even here it may be done when immediately connected with any particular transaction, or when manifestly to the interest of the corporation. But the rule is generally applied to prevent the managing officers from diverting the corporate funds and from dissipating the corporate property to the injury of the stockholders. But it seems that the stockholders in their sovereign capacity have the power to authorize the issue or execution of accommodation paper. This is especially true in connection with all matters or transactions that come within the orbit of the functions of the stockholders as such. The doctrine that corporations have only such powers as are expressly conferred or necessarily implied no longer prevails as to the corporate control by the stockholders themselves. Undoubtedly a private corporation may become an accommodation endorser, or surety, or it may issue its notes, stocks or bonds below par, or even without consideration; it may even give away its assets, or mortgage its property for the benefit of individual stockholders or officers, where all the stockholders assent to any such transaction, and where there are no corporate creditors." Cited in support of this rule are the cases appearing in the footnote.[1]

[1] Murphy v. Arkansas & L. Land & Imp. Co. (C. C.) 97 F. 723; In re Boston Confectionery Co. (D. C.) 282 F. 726; Jordan v. Collins, 107 Ala. 572, 18 So. 137; First Nat. Bank v. Winchester, 119 Ala. 168, 24 So. 351, 72 Am. St. Rep. 904; Steiner v. Steiner Land & Lumber Co., 120 Ala. 128, 26 So. 494; Solomon Solar Salt Co. v. Barber, 58 Kan. 419, 49 P. 524; Swift v. Smith, 65 Md. 428, 5 A. 534, 57 Am. Rep. 336; Monument Nat. Bank v. Globe Works, 101 Mass. 57, 3 Am. Rep. 322; 1 Cumming's Cas. 315; 1 Smith's Cas. 451; National Park Bank v. German-American, etc., Security Co., 116 N. Y. 281, 22 N. E. 567, 5 L. R. A. 673; 1 Keener's Cas. 513; Martin v. Niagara Falls Paper Mfg. Co., 122 N. Y. 165, 25 N. E. 303; Id., 44 Hun (N. Y.) 130. See generally as bearing on this subject, Johnston v. Charlottesville Nat. Bank. 3 Hughes, 657, 13 Fed. Cas. page 885, No. 7425; National Park Bank v. Remsen (C. C.) 43 F. 226; Lyon, Potter & Co. v. First Nat. Bank (C. C. A.) 85 F. 120; Park Hotel Co. v. Fourth Nat. Bank (C. C.

In Sargent v. Palace Cafe Co., 175 Cal. 737, 167 P. 146, the court held that corporation may become accommodation indorser with consent of all directors and stockholders where corporate creditors are paid. To the same effect is Cook on Corporation, vol. 4, p. 326, § 774, and annotations there noted. Directly in point is Murphy et al. v. Arkansas & L. Land & Improvement Co. (C. C.) 97 F. 723, 727. It is said by counsel for defendant that in this case the finding was based on the fact that plaintiff was a bona fide holder in due course without notice, but the court is of the opinion that counsel misapprehend the effect of that case. It is expressly held there that notice of the right of set-off would not invalidate the title of the plaintiff, and the court, after saying that it would treat the case as one where the payee knew that the indorsement was made for accommodation, cites with approval, from Cook on Corporations, the following language: "A private corporation may become an accommodation indorser, distribute its assets, issue its notes, stock, or bonds below par, or, for no consideration whatever, give away its assets, or may mortgage its property for the personal benefit of a part or all of its stockholders or officers, provided, always, that all the stockholders assent, and provided that corporate creditors are not injured, and provided that no statute forbids such acts. The doctrine of ultra vires is no longer held to forbid such acts by a private corporation under such circumstances. * * * The theory of a corporation is that it has no powers except those expressly given or necessarily implied. But this theory is no longer strictly applied to private corporations. · A private corporation may exercise many extraordinary powers, provided all of its stockholders assent, and none of its creditors are injured. There is no one to complain except the state, and, the business being entirely private, the state does not interfere. Thus, fifty years ago the courts would have summarily declared it illegal for a business corporation to become an accommodation indorser of com-

mercial paper, but to-day there is no rule of public policy which prohibits a private corporation having a capital stock from becoming the accommodation indorser of commercial paper, providing such indorsement is made with the knowledge and assent of all the directors and stockholders, and provided corporate creditors are paid."

In Perkins v. Trinity Realty Co., 69 N. J. Eq. 723, 61 A. 167, 170, affirmed 71 N. J. Eq. 304, 71 A. 1135, the court said: "In cases where stockholders have all assented to corporate action, and no rights of the state or creditors intervene, the doctrine of estoppel is fully applicable, and the plea of ultra vires is unavailing. * * * No one's rights in the corporation are affected, save the rights of those who agreed that they should be so affected. The defendant, therefore, has no right to invoke the doctrine of ultra vires."

It appears, therefore, that in the present case all necessities for denying liability upon the accommodation indorsement have ceased, and that, therefore, it cannot be claimed now that the stockholders of the corporation who have received the assets thereof can hold the same against the indorsement previously made by the corporation with their approval.

Furthermore, the court is inclined to interpret the statute of Michigan as including power to execute accommodation papers. Members of the committee which drafted the 1931 Michigan Code state that the power to guarantee does not extend to accommodation undertakings, but in 14a Corpus Juris, 734, it is said that: "The power to issue or endorse accommodation paper will be implied, however, from an express or implied power in the corporation to become surety or guarantor."

This power implied from the power to execute guaranty or surety contracts seems entirely reasonable in view of the language of the Michigan statute.

Furthermore, it may be logically argued

A.) 86 F. 742; Hall v. Auburn Turnpike Co., 27 Cal. 255, 87 Am. Dec. 75; Ætna Nat. Bank v. Charter Oak Life Ins. Co., 50 Conn. 167; Credit Co. v. Howe Mach. Co., 54 Conn. 357, 8 A. 472, 1 Am. St. Rep. 123; Jacobs Pharmacy Co. v. Southern Banking & Trust Co., 97 Ga. 573, 25 S. E. 171; Pick, Bloch & Joel v. Ellinger, 66 Ill. App. 570; Beecher v. Dacey, 45 Mich. 92, 7 N. W. 689; McLellan v. Detroit File Works, 56 Mich. 579, 23 N. W. 321; National Bank of Republic v. Young, 41 N. J. Eq. 531, 7 A. 488; Blake v. Domestic Mfg. Co., 64 N. J. Eq. 480, 38 A. 241; Fox v. Rural Home Co., 90 Hun, 365, 35 N. Y. S. 896, Id., 157 N. Y. 684, 51 N. E. 1090; Bank of Genesee v. Patchin Bank, 13 N. Y. 309; Id., 19 N. Y. 312; Farmers' & Mechanics' Bank v. Butchers' & Drovers' Bank, 16 N. Y. 125, 69 Am. Dec. 678; Holmes, Booth & Haydens v. Willard, 125 N. Y. 75, 25 N. E. 1083, 11 L. R. A. 170.

that only the state could complain of a violation of the statute.

Upon any basis, therefore, the court is of the opinion that the accommodation contract is valid, inasmuch as the stockholders consented thereto and have received the property of the corporation.

Decree in accordance with the bill of complaint will be allowed. Proper form may be submitted to the court. The defendants will pay the costs.