PLAUT v. BILLINGS-DREW CO.[1]

FRAUDULENT CONVEYANCES—FORMATION OF CORPORATION.

A transfer of property by a debtor to a corporation which he has assisted in organizing, in exchange for shares of its capital stock of equal value, is not void as to his creditors, since the property, in its new form, is still subject to levy and sale to satisfy their claims.

Error to Wayne; Hosmer, J.  Submitted February 1 1901.  Decided June 4, 1901.

Garnishment proceedings by Leopold Plaut and Herman Plaut, copartners as L. Plaut & Co., against the Billings Drew Company, as garnishee of Pulaski A. Billings. From a judgment for plaintiffs, defendant brings error. Reversed.

Immediately prior to February 10, 1898, Pulaski A. Billings and Walter B. Drew, both of Detroit, had separately, not as partners, for a long time been engaged in selling house fixtures, including wood mantels, grates, gas and electric light fixtures, and other articles pertaining thereto. Billings had his store and stock of goods on Woodward avenue, and Drew his on Miami avenue, Detroit. They came together and agreed to organize a corporation, and to transfer to it their respective stocks of goods; Billings his at a valuation of $29,000, and Drew his at a valuation of $6,000. On February 10, 1898, the corporation, known as the "Billings-Drew Company," was organized under Act No. 232, Pub. Acts 1885, with a paid-up capital stock of $35,000. The organization was effected by Billings, Drew, and one Thomas Drew. The shares of capital stock, of $10 each, were divided as follows: Billings, 2,899; Drew, 600; and Thomas Drew, 1,

---

[1] Rehearing denied November 4, 1901.

which Billings gave him. George W. Radford was elected president, Walter B. Drew vice-president, and Billings secretary and treasurer. The articles of incorporation were filed February 12, 1898. The two stocks of goods were transferred to the company, and moved into the University Building, on Wilcox street, near Woodward avenue, where the company did business. Billings transferred a portion of his stock to the Citizens' Savings Bank as security for an indebtedness owing to the bank, and also as security for an indebtedness incurred to the bank by the Billings-Drew Company. The company did not assume the indebtedness of either Mr. Billings or Mr. Drew. Plaintiffs (appellees) seek to sustain this suit on the theory that the organization of the Billings-Drew Company, and the transfer thereto by Billings of his stock of goods, and the issuing to him therefor of the corporate stock of said company, were acts committed by Billings with intent to hinder, delay, and defraud his creditors, and therefore, as to them, void.

*Barbour & Rexford*, for appellant.

*Bowen, Douglas & Whiting* (*Anderson & Rackham*, of counsel), for appellees:

Cited *Bennett* v. *Minott*, 28 Or. 393 (39 Pac. 997, 44 Pac. 288); *Kellogg* v. *Bank*, 58 Kan. 43 (48 Pac. 587, 62 Am. St. Rep. 596); *Buell* v. *Rope*, 6 App. Div. 113 (39 N. Y. Supp. 475); *Bank* v. *Trebein Co.*, 59 Ohio St. 316 (52 N. E. 834); *Bank* v. *Newton*, 25 App. Div. 62 (48 N. Y. Supp. 1009); *Kingman & Co.* v. *Mowry*, 182 Ill. 256 (55 N. E. 330, 74 Am. St. Rep. 169); *Benton* v. *Manufacturing Co.*, 73 Minn. 498 (76 N. W. 265).

MONTGOMERY, C. J. (*after stating the facts*). We are not able to distinguish this case from *Scripps* v. *Crawford*, 123 Mich. 173 (81 N. W. 1098). In that case it was held that the transfer of property to a corporation of which the transferror is an organizer, and the acceptance of stock for the full value of the property, could not work an injury to creditors, as the property, in its

new form, is still subject to levy and sale to satisfy the creditors' debts. See, also, *McLellan* v. *Detroit File Works*, 56 Mich. 579 ( 23 N. W. 321 ).

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.