## EHRGOTT & KREBS v. THE BRIDGE MANUFACTORY OF TOPEKA.

CORPORATION — *When Not Bound by Acts of Officers.* Where certain officers of a corporation, having general authority to execute promissory notes for their corporation in proper cases, but having no authority in the particular case in question, do, in a transaction having no connection with the corporate business, and not authorized by the corporation, and without any consideration going to the corporation, execute, in the name of their corporation, to a third person who has no actual knowledge of their want of authority, a promissory note for a claim which such third person holds against another and a different corporation, *held,* that the first-mentioned corporation is not liable on said note to the payee thereof where there has been no subsequent ratification by the corporation of the acts of its officers.

*Error from Shawnee District Court.*

ACTION by *Ehrgott & Krebs* as plaintiffs against *The King Wrought-Iron Bridge Manufactory and Iron Works of Topeka,* as defendant, upon a promissory note in words as follows:

"TOPEKA, KAS., January 13th, 1873.

"Sixty days after date we, The King Wrought-Iron Bridge Manufactory and Iron Works of Topeka, Kansas, promise to pay to the order of Ehrgott & Krebs nine hundred and eighty 65-100 dollars, payable at the Kansas Valley National Bank of Topeka, Kansas, value received.

$980.65.          DANIEL M. ADAMS, *V. President.*
          B. M. SMITH, *Secretary."*

Trial and judgment for defendant, at the June Term 1874, and plaintiffs bring the case here on error.

*James D. McFarland,* and *Case & Putnam,* for plaintiffs.

*Alfred Ennis,* and *C. M. Foster,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: At the trial in the court below the court instructed the jury to find for the defendant. This is the only ground for error presented by the plaintiffs in their brief. Was this error? The evidence tends to prove the following

facts: On January 13th 1873, the "Iola Bridge Company" (a duly-organized corporation,) owed the plaintiffs the sum of $980.65; and on that day the secretary of the defendant, B. M. Smith, and the vice president thereof, Daniel M. Adams, executed said note to the said plaintiffs for said sum. The note purports on its face to be the note of the defendant; but it is signed only by "Daniel M. Adams, V. President," and "B. M. Smith, Secretary." Smith then caused an entry of the note to be made in the "bill book" of the defendant, and three entries thereof to be made in the ledger of the defendant. But the same were afterward canceled by order of certain other officers of the defendant. There is no evidence that Smith and Adams, or either of them, ever had any authority from the defendant to execute or sign said note, except the general power they had as officers to sign notes in proper cases. And there is no evidence that the defendant ever ratified their acts. The plaintiffs had no actual knowledge of any want of power on the part of Smith and Adams to execute said note, but they received the same in good faith. About the time this note was signed, but whether before, or after, is not very clearly shown, the defendant bought of the Iola Bridge Company its good-will, and certain property, and assumed and agreed to pay certain indebtedness of said Iola Bridge Company, but the claim of the plaintiffs was not included in said indebtedness. The witness Ennis testifies: "The claim of Ehrgott & Krebs was never mentioned, and I am quite positive that their claim was not assumed at any meeting of the board of directors or stockholders." There is no evidence that the defendant ever assumed or agreed to become responsible for the payment of said note, or said claim of the plaintiffs, further than we have already stated. There was some evidence contained in the deposition of the witness Mills, and possibly some in the deposition of the witness Gress, tending to show that the defendant assumed and agreed to pay the plaintiffs' claim; but all of such evidence was stricken out by the court, and was not permitted to be read to the jury. We do not think that the court committed any error in this

respect; but still, as the question is not presented to us by the plaintiffs' brief, it is not necessary to decide the same. The only question therefore, for this court to decide, is merely this: Where certain officers of a corporation, (for the defendant is a corporation,) having general authority to execute promissory notes for their corporation in proper cases, but having no authority in the particular case in question, do, in a transaction having no connection with the corporate business, and not authorized by the corporation, and without any consideration going to the corporation, execute in the name of their corporation to a third person who has no actual knowledge of their want of authority a promissory note for a claim which such third person holds against another and a different corporation, is the first-mentioned corporation liable on said note to the payee thereof, where there has been no subsequent ratification by the corporation of the acts of its officers? We answer this question in the negative. *Rahm v. Bridge Manufactory*, ante, p. 277.

The judgment of the court below will be affirmed.

All the Justices concurring.