65 359
68 268

EL CAPITAN LAND AND CATTLE COMPANY v. BOSTON-KANSAS CITY CATTLE LOAN COMPANY.

**No. 12,745.** ( 69 Pac. 332.)

SYLLABUS BY THE COURT.

CORPORATIONS—*Powers of Officers and Directors—Personal Debt of President.* The officers or directors of a corporation have no power to pledge its notes to secure the payment of a personal debt of its president.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed July 5, 1902. Reversed.

*F. P. Green, J. W. Rose,* and *H. Aplington,* for plaintiff in error.

*Prigg & Williams,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. : The El Capitan Land and Cattle Company, a corporation, sold cattle to C. T. and C. L. Bradley, and took from them a note for $11,315.50 in payment therefor. The note was made payable to J. A. Hocket, an employee of the plaintiff in error, who had no interest in it. Payment of the note was afterward guaranteed by Hocket and the El Capitan com-

pany, and it was turned over to the Zeb. F. Crider Commission Company. The note was secured by a chattel mortgage executed by the Bradleys on 409 head of cattle. M. E. Richardson was president of the plaintiff in error corporation, defendant below.

While the note was held by the Zeb. F. Crider Commission Company it made the following agreement in writing, which was delivered to one of the officers of the El Capitan company, to wit:

"STERLING, KAN., January 25, 1899.

"Whereas, we hold notes or proceeds of notes belonging to the El Capitan Land and Cattle Co., as follows, viz.: C. L. and C. T. Bradley for the amount of $11,315.50, and A. D. Martin note for $14,411, and G. A. Butler note $2420, on which we were to retain, by order of Mr. M. E. Richardson, $5285.40, which was for his individual use: now, it is agreed as follows: We are to return to said company the note of G. A. Butler at once, but we are to retain the Bradley and Martin notes until the indebtedness owing our company by M. E. Richardson and Sam Haston is liquidated and paid; when, upon the payment of the amount of the indebtedness of M. E. Richardson, viz., $5285.40, we will return said notes, if unpaid, at that time, and, if paid, the money to be returned in place of said notes; and we will agree to advance the money now advanced by the El Capitan company for providing feed, and, also, any more money that may be required to purchase more feed to carry them through the winter.        ZEB. F. CRIDER COM. CO.
            Per ZEB. F. CRIDER, *Pt.*"

After a sale of the cattle mortgaged to secure the payment of the note sued on, and after deducting $5285.40, the amount owing by M. E. Richardson individually to the Zeb. F. Crider Commission Company, there remained a balance of $3449.65. The note was then assigned and delivered by the commission company to the plaintiff below, the Boston-Kansas City

Cattle Loan Company.   It is not claimed that the latter was an innocent purchaser for value before maturity.   There were verdict and judgment against the El Capitan Land and Cattle Company in the court below.

This statement of facts is sufficient to present the single legal question involved.   It is this :   May the officers of a corporation make a contract binding on the company by which its property is diverted from the use and benefit of the corporation and applied to the payment of the individual debt of its president ?   It is a fundamental principle that the officers and directors of a corporation are trustees for its stockholders. (*Sargent v. K. M. Rld. Co.*, 48 Kan. 672, 29 Pac. 1063.) This fiduciary relation forbids the doing of any act by them by which the corporate assets are applied to any use except such as may serve the purpose of the corporation.   It is as much beyond the power of the officers or directors of a corporation to pledge its property to secure the personal debt of its president as it is to use it in pledge for the payment of the obligation of a total stranger.   In either case the stockholders are equally wronged.   Section 1285 of the General Statutes of 1901 provides :

"No corporation created under the provisions of this act shall employ its stock, means, assets, or other property, directly or indirectly, for any other purpose whatever than to accomplish the legitimate objects of its creation."

The El Capitan Land and Cattle Company, at the time it turned over the Bradley note to the Zeb. F. Crider Commission Company, did not owe the latter anything.   The transaction was had purely for the accommodation of M. E. Richardson, president of the plaintiff in error company, and, in legal effect, did not

differ from a lending of the credit of the corporation by an indorsement or guaranty by plaintiff in error of Richardson's personal note. In 7 A. & E. Encycl. of L. (2d ed.) 793, it is said:

"A corporation, as has been seen, may issue and indorse negotiable bills and notes whenever it is necessary or usual in the course of its authorized business; but by the overwhelming weight of authority, a corporation has no power to issue or indorse, for the accommodation of others, bills or notes in which it has no interest, unless, as is seldom if ever the case, such power is expressly conferred." ( See, also, *Rahm v. Bridge Manufactory*, 16 Kan. 277; *Ryan v. Leavenworth, A. & N. W. Ry. Co. et al.*, 21 id. 365; 4 Thomp. Corp. §§ 4637, 5739.)

Counsel for plaintiff in error tendered to the court requests for instructions to the jury in effect that a pledge of notes belonging to the company to secure the payment of Richardson's debt did not bind the corporation, which requests were refused. In this the court erred.

The judgment of the court below will be reversed and a new trial ordered.

DOSTER, C.J., POLLOCK, J., concurring.