FARMERS SAVINGS BANK OF REMSEN, Appellant, v. VAN BRUNT AUTOMOBILE COMPANY, Appellee.

BILLS AND NOTES: Nonnegotiable Note as Renewal of Negotiable Note. A nonnegotiable promissory note, *even though given in renewal of a former negotiable note,* is subject, in the hands of an indorsee, to any counterclaim which the maker may have against the payee before notice of the indorsement.

*Appeal from Black Hawk District Court.*—H. B. BOIES, Judge.

MARCH 7, 1922.

ACTION at law, upon a promissory note. Judgment for defendant, and plaintiff appeals.—*Affirmed.*

*Arbuckle & Arbuckle*, for appellant.

*Addison G. Kistle, George L. Wright*, and *Mears & Lovejoy*, for appellee.

WEAVER, J.—The note sued upon had its origin as follows: In March, 1918, the defendant in this case, Van Brunt Automobile Company, made its three promissory notes for $1,250 each to the Interstate Tractor Company, payable on August 28th of that year. The tractor company transferred these notes to the plaintiff, Farmers Savings Bank of Remsen. As the paper approached maturity, plaintiff, by letter, notified the defendant that it was holding the notes, and would expect payment when due. In the same letter, however, it was said:

"If it would be a material accommodation to you, we will agree to renew one of the notes until January 1st, providing the other two are cared for promptly on the 28th. The note to be indorsed by the tractor company and be discounted the same as the others."

This notice and offer appear to have been at once communicated to the tractor company, which promptly paid two of the notes, and in place of the third, took the defendant's note for $1,250, now in suit, indorsed it, and delivered it to the plaintiff bank, which, under date of August 31, 1918, wrote to defendant, saying:

"We are pleased to advise you that the Interstate Tractor Company took care of two of your notes and accepted the offer of renewal of the other one to January 15th."

That note not having been paid at maturity, this action is brought thereon. The note purports to be signed by the Van Brunt Automobile Company, by "G. W. Van Brunt, Pres." It is confessedly nonnegotiable in form. The answer denies the execution of the note, denies that Van Brunt had any power or authority to execute it in the defendant's name, and denies that it ever received any consideration for the said instrument. It also denies the assignment or transfer of the note by the Interstate Tractor Company to the plaintiff, and further alleges that said note was procured by the tractor company by fraud. Further pleading, by way of counterclaim or set-off, the defendants allege that, on August 9, 1918, and at all times

since then, the tractor company was and still is indebted to the plaintiff to an amount in excess of the note in suit. The testimony offered on the trial developed the history of the dealings between plaintiff and the tractor company and defendant substantially as above stated. Certain admissions by the parties were also made and entered of record, as follows:

### ''Admissions.

''It is agreed that, on August 9, 1918, and during all of the time from that date to this, and for the period prior to August 9, 1918, the Interstate Tractor Corporation was indebted to the Van Brunt Auto Company on valid, subsisting indebtedness in excess of the full amount of the note sued on by the plaintiff herein, with interest, which was composed of the items pleaded in the answer of the defendant and amendment to the answer, as an offset to the amount claimed by the plaintiff to be due on the note in suit.

''It is admitted that the note in suit, being the instrument marked Exhibit A, was executed by the Van Brunt Auto Company, by its president, G. W. Van Brunt, who had authority to do so, and that it was indorsed by C. McNally, secretary, for and on behalf of Interstate Tractor Corporation, and that she had authority to do so.''

Upon this record, jury being waived, the trial court found for the defendant, and entered judgment against plaintiff for costs.

I.   The appellant's argument in this court is very largely directed to the proposition that the surrender by plaintiff of the old note affords a sufficient consideration for the one in suit. For the purposes of this appeal, the sufficiency of the consideration may be conceded; but that fact, if proved or admitted, does not change the character or legal effect of the paper as a nonnegotiable note. As such, it is by statute made subject to any defense or counterclaim which the maker had against the payee or assignor thereof, before notice of such assignment. Code Section 3044; Code Section 3461. This note was made, not to the plaintiff bank, but to the tractor company, which assigned it to the plaintiff. Giving effect to the cited statute, it follows that, in the absence of plea and proof of some

fact or facts constituting an estoppel, defendant had an undoubted right to make any defense or to plead any counterclaim or set-off which it had against the tractor company, before notice of such assignment or transfer of the note to the plaintiff. That defendant did have and still has a valid counterclaim against the tractor company in excess of the amount of this note at all times from a date prior to its transfer to the plaintiff, is admitted. The fact, if it be a fact, that plaintiff took the assignment of the note without notice of the counterclaim which was available to the defendant, we think is immaterial. It did have notice upon the face of the note that it was subject to such defense or counterclaim, if any existed, and it saw fit to accept the paper with that hazard attached. Nor can we see that the situation is changed by the fact that the note so made to the tractor company and discounted to plaintiff was made to take the place of another note, negotiable in form, upon which plaintiff might possibly have been entitled to recover, had it not been surrendered. The note now in suit is alleged in the petition to have been given by the defendant "in payment and cancellation" of the old note. The suit is on the new note. It is a new contract, to be enforced, if at all, according to its terms and according to the law governing the rights of parties to such paper. The surrender of the old note was doubtless sufficient consideration for the new one; but, as already noted, that point may be conceded, without affecting the appellee's right to assert its defense or counterclaim. The note is none the less a nonnegotiable instrument because it was made and received in place of one which was negotiable. So far as the pleadings allege or the evidence discloses, plaintiff was not made the victim of any fraud, deceit, or misrepresentation. There is no allegation of a mistake even.

In their reply argument, appellant's counsel concede that there is no element of estoppel in the case, and say:

"It is merely the substitution of one promise for another. The first promise is one which could have been enforced in law; consequently, the substituted promise was supported by ample consideration, and therefore constitutes a valid and binding obligation of the appellee."

The concession that there is no element of estoppel in the

case is, to our minds, fatal to plaintiff's claim of right to avoid
the appellee's defense.  The contention that, because the original
note or promise might have been enforced at law, the substituted
nonnegotiable note or promise may also be enforced, without
regard to defenses insured to it by the statute, is a *non sequitur*.
It does not follow.  No authority or precedent to that effect is
cited, and we are quite confident that none can be found.

This court has had recent occasion to consider the law ap-
plicable to the subject of nonnegotiable paper.  See the case of
*Farmers Nat. Bank v. Stanton*, 191 Iowa 433.  Much there said
is quite in point in principle with the instant case, and it is un-
necessary to extend this opinion to repeat the discussion.

As we view it, the validity of the defense is not open to
doubt, unless we arrogate to ourselves authority to nullify the
statute.  The judgment of the district court is—*Affirmed*.

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.