FIRST NATIONAL BANK OF RUSHFORD, Appellant, v. GALLOWAY BROTHERS & COMPANY et al., Appellees.

**CORPORATIONS:** Articles—Right to Indorse as Accommodation.
1 Articles of incorporation, though broad and comprehensive, describing and having relation solely to the general business of manufacturing and dealing in agricultural implements, do not authorize the corporation to become an *accommodation* indorser on the notes of other corporations.

**ESTOPPEL:** Equitable Estoppel—Plea of Ultra Vires. A corporation
2 is not estopped to plead *ultra vires* in becoming an accommodation indorser on the corporate nonnegotiable promissory note of another, when it received no benefit from the said indorsement, even though the two corporations were closely associated, and the officers of the indorsing corporation knew that the indorsed note would be negotiated.

*Appeal from Black Hawk District Court.*—E. B. STILES, Judge.

JUNE 23, 1922.

ACTION on a promissory note executed by Galloway Brothers & Company, and indorsed by the William Galloway Company, a corporation, and by William Galloway and J. W. Galloway individually. Judgment was rendered on the note against the maker, Galloway Brothers & Company, and the individual indorsers, William Galloway and J. W. Galloway. As to the corporation, The William Galloway Company, the court dismissed the plaintiff's petition. Plaintiff appeals, and The William Galloway Company, a corporation, is the sole appellee before this court.—*Affirmed.*

*P. H. Paulson,* for appellant.

*Pickett, Swisher & Farwell* and *James G. Clark,* for appellee.

FAVILLE, J.—Galloway Brothers & Company is a corpora-

tion, engaged in what is referred to as the "seed business." The William Galloway Company is likewise a corporation,

1. CORPORATIONS: articles: right to indorse as accommodation.

which is engaged in the manufacture and sale of agricultural implements. William Galloway and J. W. Galloway are brothers, and both are stockholders in said corporations.

One Jameson is a broker, engaged in handling commercial paper. On January 12, 1918, the said Jameson wrote a letter to the appellant, stating that he had secured a line of notes of Galloway Brothers & Company, seed merchants, and offering to sell the same to the appellant. In said letter he stated that:

"This company is a subsidiary company of The William Galloway Company, and the paper carries their indorsement; also the indorsement of William Galloway and J. W. Galloway."

On the 16th of January, 1918, the appellant remitted $2,500 to Jameson, and stated that it would take a note of the Galloway Brothers & Company for said amount. Thereupon, Jameson forwarded to the appellant the note upon which this suit is brought. Said note is dated January 16, 1918, and is due August 16, 1918. The note is made payable to the order of the maker, and is signed by Galloway Brothers & Company, and bears on the back thereof the indorsement of Galloway Brothers & Company; also the indorsement of The William Galloway Company, William Galloway, president, and the individual indorsements of William Galloway and J. W. Galloway. The note, with others, had been signed and left with Jameson, who filled in the dates and amounts after receiving appellant's letter.

It is conceded by all of the parties that the note is non-negotiable. It appears that the proceeds derived from the sale of the note were paid by Jameson to Galloway Brothers & Company.

There are also in the record letters from William Galloway, who was president of The William Galloway Company, written to the appellant, after the note became due, asking for an extension of time of payment of the same, which, however, it does not appear was granted.

It is established that appellee was solely an accommodation

indorser on said note, and that the said indorsement of the same was not authorized by said company.

I.   The vital question in the case is whether or not, under such circumstances, The William Galloway Company can be held liable on said note.   There is nothing in the articles of incorporation of said corporation that in any manner authorizes or empowers it to become an accommodation indorser on the notes of another party.   The articles of incorporation grant to it the power to carry on the business of manufacturing and dealing in agricultural implements.   As is usual, the articles of incorporation are somewhat broad in defining the powers of the corporation, but they all describe and relate to the general business referred to.   The articles do include the power "to issue bonds, notes, and other evidences of indebtedness," but such power is expressly assumed in connection with the means described for conducting its own business, and cannot be fairly construed as vesting in the corporation the power to become an accommodation indorser of the notes of some other corporation or individual.

The authorities are by no means silent on the proposition involved.   The general rule undoubtedly is that a corporation organized as this one was, for the purpose of conducting the specific business described in its articles of incorporation, has no power, either assumed in its organization or necessarily inherent therein or implied therefrom, to become an accommodation indorser.

Primarily, the rights of the stockholders and creditors of the indorsing corporation are to be considered.   These rights cannot be jeopardized by unauthorized acts done in the name of the corporation which are wholly foreign to any powers within the scope of the business for which the corporation came into being.   There is no provision of the statutes of this state granting such power generally to corporations organized for pecuniary profit.   There was no such power granted or assumed by the articles of incorporation of The William Galloway Company.   No such power was inherent in the general business of the corporation, nor was it a necessary or usual incident thereto. Under such circumstances, the corporation could not lend its

credit to another by becoming an accommodation indorser. *Pelton v. Spider Lake S. & L. Co.*, 117 Wis. 569 (94 N. W. 293); *West St. Louis Sav. Bank v. Shawnee County Bank*, 95 U. S. 557; *Lyon, Potter & Co. v. First Nat. Bank*, 85 Fed. 120; *Haupt v. Vint*, 68 W. Va. 657 (70 S. E. 702); *Steiner & Lobman v. Steiner Land & Lbr. Co.*, 120 Ala. 128 (26 So. 494); *American Bonding Co. v. Laigle Stave & Lbr. Co.*, 111 Ark. 151 (163 S. W. 167); *Knapp v. Tidewater Coal Co.*, 85 Conn. 147 (81 Atl. 1063); *El Capitan Land & Cattle Co. v. Boston-Kansas City Cattle Loan Co.*, 65 Kan. 359 (69 Pac. 332); *Monarch Co. v. Farmers & Traders Bank*, 105 Ky. 430 (49 S. W. 317); *Johnson v. Johnson Bros.*, 108 Me. 272 (80 Atl. 741); *Brill Co. v. Norton & T. S. R. Co.*, 189 Mass. 431 (75 N. E. 1090); *Preston v. Northwestern Cereal Co.*, 67 Neb. 45 (93 N. W. 136); *Owen & Co. v. Storms & Co.*, 78 N. J. Law 154 (72 Atl. 441). Many other cases to like effect might be cited.

It is also quite uniformly held that, unless specially authorized so to do, an officer or agent of a corporation has no power to indorse negotiable paper as an accommodation indorser, in the name of the corporation. *Hall v. Auburn Turnpike Co.*, 27 Cal. 255; *Ehrgott & Krebs v. Bridge Mfg. Co.*, 16 Kan. 486; *Jacobus v. Jamestown Mantel Co.*, 211 N. Y. 154 (105 N. E. 210); *Haupt v. Vint*, supra; *American Bonding Co. v. Laigle Stave & Lbr. Co.*, supra; *Pelton v. Spider Lake S. & L. Co.*, supra. And especially where, as in the instant case, the corporation does not have the power to become an accommodation indorser, the corporation cannot confer upon its officers the right to bind it as an accommodation indorser, even if it were attempted so to do.

The foregoing general rules seem to be well established, both in principle and by authority.

Applying these rules to the instant case, we find that The William Galloway Company had no power, express or implied, under its articles of incorporation, to become an accommodation indorser of the paper of any other concern. We also find that there is nothing in the record to show that the corporation ever in any manner authorized its president, William Galloway, to indorse the note in suit as an accommodation indorser. That

being the situation, it necessarily follows that the said corporation cannot be held liable *prima facie* as an indorser on said note.

II. But it is urged that the said corporation is now estopped to assert its nonliability on said paper.

Undoubtedly, instances may arise where a corporation will be estopped to deny either that an act was *ultra vires* or that its officer was not authorized to perform the same for the corporation. And such a situation might arise. in the case of negotiable paper transferred in due course. But we are not dealing with such a condition in the instant case. In the first place, the note sued on is nonnegotiable, and appellant is not in the position of an innocent purchaser of a negotiable instrument in due course. Neither does it appear that The William Galloway Company received any benefit whatever from the accommodation indorsement. The proceeds of the note were not paid to it. True, the two companies were closely associated, and William Galloway was actively interested in the management of each; but they were distinct entities, and the stockholders in the one were not identical with the stockholders in the other. This was a nonnegotiable note. As such, it was assignable, but was subject to all defenses. The fact that the officers of the accommodation indorser knew that it was intended that the note should be negotiated to a third person would not estop the corporation from asserting the defense that the indorsement was for accommodation merely, and that its execution was beyond the powers of the corporation. *Farmers Nat. Bank v. Stanton,* 191 Iowa 433. When appellant purchased this note, it was charged with notice that the same was nonnegotiable and subject to defenses. Code Section 3044; *Farmers Sav. Bank v. Van Brunt Auto. Co.,* 193 Iowa 217. It was apparent that the appellee was not the payee of the note, and its indorsement was other than the ordinary indorsement to pass title. On the instrument itself, the indorsement was presumptively an accommodation indorsement. *Pelton v. Spider Lake S. & L. Co.,* supra; *Brill Co. v. Norton & T. S. R. Co.,* supra. There is no act proven on the part of the appellee that estops it from asserting that it is an accommoda-

2. ESTOPPEL: equitable estoppel: plea of *ultra vires*.

tion indorser, and that said indorsement is *ultra vires* and without authority. The general rules of equitable estoppel do not apply here. The appellee received no benefit whatever from the indorsement. It is not seeking to retain an advantage and repudiate a corresponding obligation. True, the appellant offered testimony to the effect that it relied upon the indorsement of the appellee in purchasing the note, and would not have bought the same except for its reliance upon said indorsement. This, however, under the facts of this case is not sufficient to create an estoppel.

It is unnecessary that we prolong the discussion. The judgment of the trial court was correct. It is—*Affirmed*.

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.